Filed 12/5/23  P. v. Huetter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KEVIN RAY HUETTER,<br><br>Defendant and Appellant. | C096128<br><br>(Super. Ct. No. 19FE017034) |

Defendant Kevin Ray Huetter kissed I.R. and touched her genitalia when she was six years old.  A jury convicted defendant on five counts of committing a lewd and lascivious act on a child under the age of 14 years, and the trial court sentenced him to 16 years in prison.

On appeal, defendant contends (1) the trial court abused its discretion in admitting uncharged sexual misconduct evidence, and (2) if we find the first contention forfeited based on defense counsel's failure to object, his counsel provided ineffective assistance.

1

Addressing the first contention on the merits, we find no abuse of discretion. Accordingly, we need not address the second contention. We will affirm the judgment.

BACKGROUND

A

In April 2018, when I.R. was six years old, I.R.'s and defendant's families lived just one house apart from each other and the families frequently spent time together. I.R's parents were friends with defendant and his wife and I.R. often played with defendant's two minor children.

One night, defendant's children slept over in I.R.'s living room. I.R. shared a couch with one of defendant's children, and defendant's other child slept under the coffee table. I.R.'s parents slept in their bedroom. Defendant came into I.R.'s home four times through the garage. Throughout the evening, defendant kissed I.R. on the lips, asked her to pee in a glass that was on the table, asked if she wanted to see his genitalia, and reached under her clothes and touched her genitalia. I.R. testified that defendant touched her genitalia three times, then testified that he touched her genitalia four times. She said he twice inserted his fingers into her genitalia.

Defendant told I.R. not to tell her parents what happened, because they would be mad and she would be in trouble. After defendant left the fourth time, I.R. fell asleep. When I.R. woke up, she told her parents what happened.

B

The prosecutor sought in limine to admit evidence of uncharged prior sexual offenses committed by defendant against two adult women, J.C. and S.R., under Evidence Code section 1108.[1] Because on appeal defendant only challenges the evidence involving J.C., we only recount that background.

---

[1] Undesignated statutory references are to the Evidence Code.

The proffer involving J.C. was that in 2016 defendant's family and J.C.'s family shared a hotel room on a trip out of town. J.C. woke up to defendant putting his hand in her pants. J.C. smacked his hand away, but defendant reached down her pants again and touched the skin on the outside of her vagina. According to the proffer, J.C. told defendant's wife what happened but the wife shrugged it off and said defendant must have thought he was touching her instead. And according to the proffer, defendant claimed he was drunk and did not know what he did.

Defense counsel objected to admission of the evidence under section 352. Defense counsel argued the evidence was highly inflammatory, it did not show a propensity for sexual interest in children because the prior acts were committed against an adult woman, the evidence would confuse the jury, and it would result in undue consumption of time.

The trial court ruled that it would admit the evidence, noting that the inflammatory nature of the acts against J.C. was likely less than for the current offenses. The trial court also found that the similarities between the proffer and the current offenses weighed in favor of admitting the evidence. In the proffer and in the current offenses, defendant waited until the victims were sleeping, and they were vulnerable. The victims were known to him or in close, trusting friendships with him. The trial court found that defendant would not be unduly burdened in defending against the prior allegations because J.C. would be testifying. Because the uncharged offenses occurred within five years of the current offenses, the trial court did not find them too remote. And it concluded admission of the evidence would not result in an undue consumption of time or undue prejudice to defendant.

At trial, J.C. testified that when she was 27 years old, she and her husband went on a trip with defendant and his family and shared a hotel room. During the night, J.C. woke up because defendant put his hand inside her pants and underwear, and touched her vagina. J.C. swatted defendant's hand away before he could penetrate her vagina.

3

J.C. rolled over and tried to go back to sleep, but defendant put his hands under her underwear again and cupped her vagina. J.C. again stopped defendant and got out of bed.

J.C. further testified that when defendant's wife woke up, J.C. tried to bring up the subject by saying, "I think Kevin was trying to reach for you or something at night." J.C. did not want to cause a scene or be specific, because the families were going to spend the whole day together and she loved defendant's family. J.C. dropped the subject and did not report it to law enforcement. J.C.'s husband later told her that he and defendant had been drunk.

The trial court instructed the jury that it could consider the uncharged evidence only if the People proved by a preponderance of the evidence that defendant in fact committed the uncharged offense, and that if the jury determined defendant committed the uncharged offense, it may, but was not required to, conclude that defendant was likely to commit the offenses charged in this case, and that conclusion was only one factor to consider along with all the other evidence. The trial court further instructed that if the People did not meet their burden of proof, the jury was required to disregard the uncharged evidence entirely.

The jury found defendant guilty on two counts of committing a lewd and lascivious act by kissing I.R., and on three counts of committing a lewd and lascivious act by touching her genitalia. The jury could not reach a verdict on other counts and the trial court declared a mistrial on those counts. During bifurcated proceedings, the jury found true certain aggravating circumstances, such as that the victim was particularly vulnerable and defendant took advantage of a position of trust or confidence. The trial court sentenced defendant to an aggregate 16 years in prison.

## DISCUSSION

Defendant contends the trial court abused its discretion under section 352 in admitting the uncharged sexual misconduct evidence involving J.C. Defendant claims the probative value of the evidence was substantially outweighed by its prejudicial effect.

4

Specifically, defendant asserts that the proffer and J.C.'s testimony support an innocent explanation for his actions, namely that defendant thought he was touching his wife. Defendant thus argues that any inference that he committed sexual battery on J.C. and any inference that he had a propensity to commit the current sexual offenses against I.R. can only be speculative, making the evidence of his prior sexual misconduct with J.C. irrelevant.

Defendant did not object in the trial court on the basis that an alternative, innocent explanation rendered any inference of misconduct speculative. Thus, the People argue defendant forfeited his claim on appeal by failing to raise it below. Anticipating forfeiture, defendant argues in the alternative that his trial counsel was ineffective in failing to object on this basis.

We exercise our discretion to reach the merits of defendant's claim on appeal in lieu of addressing defendant's ineffective assistance claim. (See *People v. Crittenden* (1994) 9 Cal.4th 83, 146 [reviewing merits of claim to avoid potential claim of ineffective assistance of counsel]; *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party."].)

As a general rule, evidence of a defendant's prior conduct is inadmissible when offered by the prosecution to prove the defendant's conduct on a specific occasion, unless it involves commission of a crime, civil wrong, or other act and is relevant to prove some fact (e.g., motive, intent, plan, identity) other than a disposition to commit such an act. (§ 1101, subd. (b); *People v. Falsetta* (1999) 21 Cal.4th 903, 911 (*Falsetta*).) Section 1108 is an exception to the general rule. (*People v. Erskine* (2019) 7 Cal.5th 279, 295.) Section 1108 permits the jury in a sex offense case to consider evidence of uncharged sexual offenses for any relevant purpose subject only to a section 352 weighing of prejudicial effect and probative value. (*People v. Loy* (2011) 52 Cal.4th 46, 63.)

5

Pursuant to section 352, "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." " 'Prejudice,' as used in Evidence Code section 352, is not synonymous with 'damaging.' [Citation.] Rather, it refers to evidence that uniquely tends to evoke an emotional bias against the defendant as an individual, and has little to do with the legal issues raised in the trial." (*People v. McCurdy* (2014) 59 Cal.4th 1063, 1095.) The trial court's "careful weighing" under section 352 should consider the uncharged sex offense using such factors as (1) "its nature, relevance, and possible remoteness," (2) "the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry," (3) "its similarity to the charged offense," (4) "its likely prejudicial impact on the jurors," (5) "the burden on the defendant in defending against the uncharged offense," and (6) "the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses, or excluding irrelevant though inflammatory details surrounding the offense." (*Falsetta*, *supra*, 21 Cal.4th at p. 917.)

We review a trial court's ruling admitting evidence under sections 1108 and 352 for abuse of discretion, looking at what was before the trial court at the time it made its ruling. (*People v. Story* (2009) 45 Cal.4th 1282, 1295; *People v. Robertson* (2012) 208 Cal.App.4th 965, 991.) A discretionary decision will not be disturbed on appeal, absent " 'a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125.)

Defendant has not established an abuse of discretion. The trial court considered the relevant factors in weighing the evidence under sections 1108 and 352. (*Falsetta*, *supra*, 21 Cal.4th at p. 917.) It found the circumstances surrounding each of the incidents

were sufficiently similar to the charged offense to support the trial court's exercise of its discretion. Both J.C.'s and I.R.'s families had close friendships at the time of the offenses. Both J.C. and I.R. were sleeping next to other people when defendant repeatedly slid his hand under their clothing and touched their genitalia. The uncharged sexual offense against J.C. was thus highly probative of I.R.'s credibility. (*Id.* at pp. 911-912, 915.) In addition, as the trial court noted, defendant's sexual misconduct with J.C. was no more inflammatory than the actions to which I.R. testified. If anything, the current offense with I.R. had the potential of being more inflammatory since I.R. was a young child. Further, there was no indication the uncharged evidence would require an undue consumption of time at trial, and the evidence was ultimately a small portion of the trial testimony.

We do not agree with defendant's claim that the jury could only speculate that defendant committed sexual battery against J.C. based on the proffer and her testimony. "Where an inference has support in established facts and is a reasonable deduction or extension of that evidence, it cannot be condemned as speculative." (*Dimond v. Caterpillar Tractor Co.* (1976) 65 Cal.App.3d 173, 184-185.) "The availability of an innocent explanation for criminal activity . . . does not make the evidence of criminal activity inadmissible. Instead, the innocent explanation merely raises an ordinary evidentiary conflict for the trier of fact." (*People v. Mason* (1991) 52 Cal.3d 909, 957.)

It was reasonable for the jury to infer from the evidence that defendant committed a sexual battery against J.C. That there was also evidence supporting an innocent explanation did not render the evidence inadmissible. Rather, it merely created an ordinary evidentiary conflict for the jury to resolve. Accordingly, the trial court did not abuse its discretion in admitting the evidence.

DISPOSITION

The judgment is affirmed.

_____/S/_____
MAURO, Acting P. J.

We concur:

_____/S/_____
RENNER, J.

_____/S/_____
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.